## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JOHNELL WILLIAMS, INDIVIDUALLY** | * | |
| **AND ON BEHALF OF THE ESTATE OF** | * | |
| **JOHARRI WALKER** | * | |
| | * | **CIVIL ACTION NO. 3:24-cv-486** |
| **VERSUS** | * | |
| | * | |
| **LOUISIANA DEPARTMENT OF PUBLIC** | * | |
| **SAFETY AND CORRECTIONS,** | * | |
| **JAMES M. LEBLANC, IN HIS INDIVIDUAL** | * | **DISTRICT JUDGE:** |
| **AND OFFICIAL CAPACITY AS** | * | |
| **SECRETARY OF THE DEPARTMENT** | * | |
| **OF PUBLIC SAFETY AND CORRECTIONS** | * | |
| **TIMOTHY HOOPER, IN HIS INDIVIDUAL** | * | |
| **AND OFFICIAL CAPACITY AS WARDEN** | * | **MAGISTRATE JUDGE:** |
| **OF LOUISIANA STATE PENITENTIARY,** | * | |
| **STATE OF LOUISIANA, CORRECTIONAL** | * | |
| **OFFICER JOHN DOE, INMATE JOHN DOE,** | * | |
| **LOUISIANA OFFICE OF RISK** | * | |
| **MANAGEMENT and ABC INSURANCE CO.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

**NOW INTO COURT**, though undersigned counsel, comes, Plaintiff, Johnell Williams ("Mr. Williams" or "Plaintiff"), individually, and on behalf of the Estate of his deceased son, Joharri Walker ("Mr. Walker" or "Decedent"), who respectfully represents the following:

## JURISDICTION AND VENUE

### I.

This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, which provides district courts with original jurisdiction over civil actions that involve rights arising under the United States Constitution and federal laws. This action is brought under, *inter alia*, the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution and 42

1

U.S.C §1983. Further, Plaintiff seeks compensatory damages, punitive damages, costs, and attorney's fees, pursuant to 42 U.S.C. § 1988, to redress Mr. Walker's deprivation of rights, privileges, and immunities guaranteed to him by the Constitution and statutory provisions.

**II.**

This Honorable Court has Federal Question Jurisdiction over the Plaintiff's federal-law claims, pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3). In addition, Plaintiff's state-law claims are related to these federal claims and form a part of the same case or controversy. Thus, this Honorable Court has supplemental jurisdiction over Plaintiff's state-law claims, pursuant to 28 U.S.C. §1367(a).

**III.**

Venue is proper in Honorable Court because the causes of action asserted herein occurred within the Eastern District of Louisiana; and, all Defendants worked and/or reside within this District.

**<u>PARTIES</u>**

**IV.**

A.    Plaintiff, **JOHNELL WILLIAMS** ("Mr. Williams"), is a person of the full age of majority and a resident of and domiciled in the Parish of Jefferson, State of Louisiana. He is the father of the Decedent, Joharri Walker, suing in his individual capacity, and as Administrator of Joharri Walker's Estate.

B.    Made Defendants herein are:

1. **LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS** ("**DPSC**"), an agency of the State of Louisiana, responsible for the operation and management of the Louisiana State Penitentiary ("**LSP**" or "**ANGOLA**");

2.  **JAMES M. LEBLANC** ("Mr. LeBlanc"), a person of the full age of majority who, upon information and belief, is a resident of and domiciled in East Baton Rouge Parish, State of Louisiana, and who at all material times was acting

individually, and in the course and scope of his official capacity as Secretary of **DPSC**;

3. **TIMOTHY HOOPER** ("Mr. Hooper"), a person of the full age of majority, who is a resident of and domiciled in West Feliciana Parish, State of Louisiana, and who at all material times was acting individually, and in the course and scope of his official capacity as Warden of **LSP**;

4. **STATE OF LOUISIANA** ("The State"), which, through its agencies and officials, is responsible for the oversight and funding of **LSP**, to the extent that it has waived sovereign immunity under Article XII, Section 10 of the Louisiana Constitution and other applicable laws;

5. **CORRECTIONAL OFFICER JOHN DOE**, who upon information and belief, is a person of the full age of majority, who is a resident of and domiciled in West Feliciana Parish, State of Louisiana, and who at all material times, was acting in his individual capacity and his official capacity as an employee of **DPSC**. Said Defendant's precise identity and location are unknown to Plaintiff at this time; thus, Defendant is being sued under the foregoing fictitious name.

6. **INMATE JOHN DOE,** who upon information and belief, is a person of the full age of majority and a resident of and domiciled in West Feliciana Parish, State of Louisiana, and who at all material times, was an inmate housed at **LSP**, where Mr. Walker was housed and where he died. Upon information and belief, Inmate John Doe contributed to the untimely death of Joharri Walker. Said Defendant's precise identity and location are unknown to Plaintiff at this time; thus, Defendant is being sued under the foregoing fictitious name.

7. **LOUISIANA OFFICE OF RISK MANAGEMENT** ("**ORM**"), the state entity responsible for managing the self-insurance program for state agencies, including **DPSC** and **LSP**, and which provided coverage for Defendants, **JAMES M. LEBLANC**, in his individual and official capacity as secretary of **DPSC** and **TIMOTHY HOOPER**, in his individual and official capacity as warden of **LSP** and/or **CORRECTIONAL OFFICER JOHN DOE**, for the type of liability alleged herein;

8. **ABC INSURANCE COMPANY** ("ABC Insurance"), an unknown foreign or domestic insurance company, authorized to do and doing business in the state of Louisiana, which, upon information and belief at all times material hereto, was the liability insurer, which issued a policy(ies) of insurance to Defendants, **JAMES M. LEBLANC**, in his individual and official capacity as secretary of **DPSC, TIMOTHY HOOPER**, in his individual and official capacity as warden of **LSP** and/or **CORRECTIONAL OFFICER JOHN DOE**, which policy(ies) was/were in full force and effect, and insured these Defendants for the type of liability alleged herein.

3

<u>**JOINT AND SEVERAL LIABILITY**</u>

**V.**

Defendants herein are liable and indebted unto Plaintiff, jointly, severally, and *in solido* for such damages as are reasonable in the premises, together with legal interest thereon from date of judicial demand, until paid, all costs of these proceedings, and for any and all other relief provided for in law or in equity, for the following, *to-wit*:

<u>**BACKGROUND FACTS**</u>

**VI.**

On or about June 14, 2023, Decedent, Joharri Walker, while in the **DPSC**'s and **LSP**'s custody, suffered a physical event, which caused him to lose consciousness and become unresponsive.

**VII.**

Upon information and belief, **INMATE JOHN DOE** took actions, which contributed to Mr. Walker's unresponsiveness and ultimate death.

**VIII.**

Upon information and belief, **CORRECTIONAL OFFICER JOHN DOE** failed to properly supervise inmates, including Mr. Walker, and **INMATE JOHN DOE**.  Further, Defendants, **CORRECTIONAL OFFICER JOHN DOE, MR. LEBLANC**, in his individual and official capacity as Secretary of **DPSC**, and **MR. HOOPER**, in his individual and official capacity as warden of **LSP**, failed to properly monitor and ensure the appropriate custody, control, and care of the inmates.   As such, Decedent, Joharri Walker, ultimately died due to the negligent acts and/or omissions of Defendants, **INMATE JOHN DOE, CORRECTIONAL OFFICER**

4

**JOHN DOE, MR. LEBLANC**, in his individual and official capacity as Secretary of **DPSC**, and **MR. HOOPER**, in his individual and official capacity as warden of **LSP**.

## IX.

Joharri Walker was not provided the necessary emergency medical attention by Defendants, **CORRECTIONAL OFFICER JOHN DOE, MR. LEBLANC**, in his individual and official capacity as Secretary of **DPSC**, and **MR. HOOPER**, in his individual and official capacity as warden of **LSP**.

## X.

Defendants, **CORRECTIONAL OFFICER JOHN DOE, MR. LEBLANC**, in his individual and official capacity as Secretary of **DPSC**, and **MR. HOOPER**, in his individual and official capacity as warden of **LSP**, had a duty to provide staff to properly monitor, supervise, protect, and ensure the health and safety of the inmates in their custody, care, and control.

## XI.

Defendants, **MR. LEBLANC**, in his individual and official capacity as Secretary of **DPSC**, and **MR. HOOPER**, in his individual and official capacity as warden of **LSP**, have a history of failing to perform that duty by negligently hiring improperly trained staff, and failing sufficiently to train and monitor the performance of its staff members, who are responsible for carrying out that duty.

## XII.

Defendants' neglect in fulfilling their responsibilities as custodians of all inmates, (including Jaharri Walker and inmate John Doe), and their blatant disregard for the inmates' safety, care, health, and overall conditions, directly contributed to the fatal injuries Joharri Walker sustained, which lead to his untimely and preventable death.

5

## XIII.

As a result of these Constitutional violations of Mr. Walker's constitutional rights, and the injuries and damages that he sustained, Plaintiff seeks compensation as set forth more specifically in the section of this Complaint, entitled "Damages."

## DUTY

### XIV.

Under Louisiana law, every person has a duty to exercise reasonable care and prudence to avoid causing damage to others.[1]  Accordingly, Defendants are responsible for the damage occasioned by not just their actions, but their negligence, imprudence, or want of skill.[2]  As such, all Defendants owed Mr. Walker a duty not to cause him any harm.  In accordance with the *Erie* Doctrine,[3] federal courts sitting in, *inter alia,* supplemental jurisdiction must apply state substantive law.  Therefore, this Court must apply Louisiana's state law to determine the Defendants' duties and liabilities in this case.

## BREACH OF DUTY

### XV.

It is expressly alleged that all of the above-named Defendants breached a duty owed to Mr. Walker by failing to exercise the reasonable standard of care and prudence required to avoid causing his injuries, and ultimate untimely death.

---

[1]    *See* La. Civ. Code Ann. Art. 2315 (West 2024).

[2]    *See* La. Civ. Code Ann. Art. 2316 (West 2024).

[3]    *See* Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S. Ct. 817; 82 L. Ed. 1188 (1938).

## THEORIES OF RECOVERY AND CAUSATION

### FAILURE TO PROVIDE INMATES WITH APPROPRIATE PROTECTION FROM HARM BY DEFENDANTS, INMATE JOHN DOE, CORRECTIONAL OFFICER JOHN DOE, JAMES M. LE BLANC, in his individual and official capacity as Secretary of the Louisiana Department of Public Safety and Corrections, and TIMOTHY HOOPER, in his individual and official capacity as Warden of Louisiana State Penitentiary

Count I – 42 U.S.C. §1983

### XVI.

All Defendants are answerable for their negligent, and/or reckless actions, as well as their failure to exercise reasonable care to prevent this incident. Defendants had a duty to properly, safely, and adequately provide protection, supervision, care, protection, and assistance to inmates while in **DPSC**'s and **LSP**'s custody in its state penitentiary, Angola.

### XVII.

As the on-duty officer at the time of the incident, **CORRECTIONAL OFFICER JOHN DOE** was responsible for the safe and adequate supervision, care, protection, and assistance of the inmates while they were in **DPSC**'s and **LSP**'s custody.

### XVIII.

Defendant, **CORRECTIONAL OFFICER JOHN DOE** failed to act as a reasonable officer should have in the same circumstances. Specifically, acting within the course and scope of his employment with Defendants (who also are liable by virtue of the *Respondeat Superior* doctrine), **CORRECTIONAL OFFICER JOHN DOE** failed to provide proper supervision, care, protection, and assistance to the inmates while they were in **DPSC**'s and **LSP**'s custody.

**XIX.**

At the time that **CORRECTIONAL OFFICER JOHN DOE** was supposed to be supervising inmates at his assigned post, Mr. Walker suffered an incident and became unresponsive while under **CORRECTIONAL OFFICER JOHN DOE**'s supervision.

**XX.**

Mr. Joharri Walker remained unresponsive for an extended period of time, causing a great delay in the necessary emergency medical attention.

**XXI.**

Had Defendants, **CORRECTIONAL OFFICER JOHN DOE, MR. LEBLANC**, in his individual and official capacity as Secretary of **DPSC**, and **MR. HOOPER**, in his individual and official capacity as warden of **LSP**, sufficiently performed their duty to supervise, care for, and protect Mr. Walker,  they would have been in position to see, supervise, and/or monitor his actions and condition and seek the appropriate assistance in a timely manner.

**XXII.**

As a result of the negligent acts and/or omissions of Defendants, **CORRECTIONAL OFFICER JOHN DOE, MR. LEBLANC**, in his individual and official capacity as Secretary of **DPSC**, and **MR. HOOPER**, in his individual and official capacity as warden of **LSP**, Mr. Walker suffered substantial injuries and died.

**XXIII.**

Defendants, **CORRECTIONAL OFFICER JOHN DOE, MR. LEBLANC**, in his individual and official capacity as Secretary of **DPSC**, and **MR. HOOPER**, in his individual and official capacity as warden of **LSP**, breached their duty to provide proper and safe protection,

supervision, care, and assistance to Mr. Joharri Walker, which was the proximate cause of the violations of Mr. Walker's Constitutional rights, and resultant injuries and damages.

**FAILURE TO TRAIN BY JAMES M. LE BLANC, in his individual and official capacity as Secretary of the Louisiana Department of Public Safety and Corrections, and TIMOTHY HOOPER, in his individual and official capacity as Warden of Louisiana State Penitentiary**
Count II – 42 U.S.C. §1983

**XXIV.**

Prior to June 14, 2023, Defendants, **MR. LEBLANC**, in his individual and official capacity as Secretary of **DPSC**, and **MR. HOOPER**, in his individual and official capacity as warden of **LSP**, knew or should have known of **CORRECTIONAL OFFICER JOHN DOE**'s neglect of his assigned duties as an Angola correctional officer.

**XXV.**

Defendant, **CORRECTIONAL OFFICER JOHN DOE**, was acting under color of state law, pursuant to **DPSC's** and **LSP's** customs, practices and policies regarding supervision, protection, custody, control, and care of the inmates at Angola.

**XXVI.**

Mr. Walker was deprived of rights and privileges secured to him by the U.S. Constitution and by other laws of the United States, by Defendants, **MR. LEBLANC**, in his individual and official capacity as Secretary of **DPSC**, and **MR. HOOPER**, in his individual and official capacity as warden of **LSP**.  Specifically, they failed to provide proper training, adequate supervision or discipline to **CORRECTIONAL OFFICER JOHN DOE**, in violation of 42 U.S.C. §1983 and related provisions of Federal law and in violation of the above-cited Constitutional provisions.

**XXVII.**

With respect to the claims that make up the basis of this lawsuit, Defendants, **MR. LEBLANC**, in his individual and official capacity as Secretary of **DPSC**, and **MR. HOOPER**, in his individual and official capacity as warden of **LSP**, failed to train its correctional officers on how to safely and sufficiently supervise, monitor, protect, control, and care for the inmates in **DPSC's** and **LSP**'s custody.

**XXVIII.**

Defendants, **MR. LEBLANC**, in his individual and official capacity as Secretary of **DPSC**, and **MR. HOOPER**, in his individual and official capacity as warden of **LSP,** developed and maintained a policy of deficient training for their correctional officers regarding the supervision, custody, protection, control, monitoring, and care of inmates while in **DPSC's** and **LSP's** custody.

**XXIX.**

On information and belief, Defendants, **MR. LEBLANC**, in his individual and official capacity as Secretary of **DPSC**, and **MR. HOOPER**, in his individual and official capacity as warden of **LSP**, acting through their policies, practices and customs, and with deliberate, callous, and conscious indifference to Mr. Walker's Constitutional rights, failed to implement and/or enforce the policies, procedures, and practices necessary to provide constitutionally adequate care, protection, supervision, and assistance to Mr. Walker during his fight for his life. Further, they implemented policies, procedures, and practices, which actually interfered with and/or prevented Mr. Walker from receiving the adequate protection, monitoring, assistance, and care that he deserved.

**XXX.**

Defendants, **MR. LEBLANC**, in his individual and official capacity as Secretary of **DPSC**, and **MR. HOOPER**, in his individual and official capacity as warden of **LSP**, failed to property train and discipline their correctional officers, which was the proximate cause of the violations of Mr. Walker's Constitutional rights, and the resultant injuries and damages he sustained.

**FAILURE TO ADEQUATELY SUPERVISE AND/OR DISCIPLINE BY TIMOTHY HOOPER, in his individual and official capacity as Warden of Louisiana State Penitentiary, and JAMES M. LE BLANC, in his individual and official capacity as Secretary of the Louisiana Department of Public Safety and Corrections**
Count III – 42 U.S.C. §1983

**XXXI.**

Defendants, Defendants, **MR. LEBLANC**, in his individual and official capacity as Secretary of **DPSC**, and **MR. HOOPER**, in his individual and official capacity as warden of **LSP**, failed to supervise their subordinates and correctional officers to ensure that they did not act with deliberate indifference by leaving their assigned posts, failing to properly monitor inmates, and ignoring the conditions of inmates in **DPSC's** and **LSP's** custody. The Plaintiff was directly harmed by Defendants' failure to supervise because it caused the death of his son, Joharri Walker, who was left unmonitored and untreated and/or received insufficient treatment and supervision.

**XXXII.**

At all material times, Defendants, **MR. LEBLANC**, in his individual and official capacity as Secretary of **DPSC**, and **MR. HOOPER**, in his individual and official capacity as warden of **LSP**, were aware of the duty to supervise and discipline their subordinates, correctional officers, and employees/staff in order to ensure that they did not violate inmates' rights. These Defendants

11

ignored that duty and acted negligently and with deliberate indifference and disregard for Joharri Walker's safety.

### XXXIII.

The failure Defendants, **MR. LEBLANC**, in his individual and official capacity as Secretary of **DPSC**, and **MR. HOOPER**, in his individual and official capacity as warden of **LSP**, to adequately supervise and discipline its deputies, proximately caused the deprivation of Joharri Walker's Constitutional rights.

### XXXIV.

As a direct and proximate result of the failure of Defendants, **MR. LEBLANC**, in his individual and official capacity as Secretary of **DPSC**, and **MR. HOOPER**, in his individual and official capacity as warden of **LSP**, to supervise and discipline its correctional officers, employees and subordinates, Plaintiff has suffered damages. As a result of these Constitutional violations to Mr. Walker and the injuries he sustained, Plaintiff seeks compensation as set forth more specifically in the section of this Complaint entitled "Damages."

### <u>SURVIVAL ACTION</u>

### XXXV.

Plaintiff, Johnell Williams, is the representative for the Estate of Joharri Walker.

### XXXVI.

Mr. Joharri Walker died as a result of Defendants' negligent and wrongful conduct.

### XXXVII.

Mr. Joharri Walker would have been entitled to bring this action against Defendants had he survived.

**XXXVIII.**

Mr. Walker's right of action for the wrongful conduct against the Defendants survive in favor of his heirs, legal representative, and his Estate.

**XXXIX.**

Defendants are liable to the Plaintiff for the loss of Mr. Joharri Walker's life, pain and suffering, and the violation of his civil rights.

**WRONGFUL DEATH**

**XL.**

Defendants' wrongful conduct of failing to provide adequate supervision, care, custody, control, protection, and assistance to Mr. Walker resulted in his untimely death.  Thus, Defendants are liable for damages.

**DAMAGES**

**XLI.**

At all material times, Defendant, **LOUISIANA OFFICE OF RISK MANAGEMENT**, was the state entity responsible for managing the self-insurance program for state agencies, including **DPSC** and **LSP**, which provided coverage for Defendants, Defendants, **MR. LEBLANC**, in his individual and official capacity as Secretary of **DPSC**, and **MR. HOOPER**, in his individual and official capacity as warden of **LSP**, and/or **CORRECTIONAL OFFICER JOHN DOE**, for the type of liability alleged herein.  Therefore, **LOUISIANA OFFICE OF RISK MANAGEMENT** is liable for the damages caused by Defendants.

**XLII.**

At all material times, Defendant ABC Insurance Company, issued a policy of liability insurance to Defendants, **MR. LEBLANC**, in his individual and official capacity as Secretary of

**DPSC**, and **MR. HOOPER**, in his individual and official capacity as warden of **LSP**, and/or **CORRECTIONAL OFFICER JOHN DOE**, which was in full force and effect at the time of this incident made subject of this litigation.  Therefore, ABC Insurance Company is liable for the damages caused by Defendants.

## COSTS AND ATTORNEY FEES

### XLIII.

Plaintiff is entitled to an award of attorney's fees and costs under 42 U.S.C. §1988(b). As such, Plaintiff requests that this Honorable Court award costs and attorney's fees incurred in Complainant's prosecution of this litigation.

### XLIV.

Defendants' acts and/or omissions were the direct and proximate cause of the following injuries suffered by the Plaintiff and/or Decedent. As such, Plaintiff requests damages for each and every injury outlined herein, in the following non-exclusive particulars:

A.  Mr. Joharri Walker's pain and suffering prior to his death;

B.  Mr. Joharri Walker's mental anguish and anxiety prior to his death;

C.  Mr. Joharri Walker's funeral, burial, and other final expenses;

D.  Mr. Williams's loss of love affection, society, consortium and services;

E.  Mr. Williams's mental anguish and anxiety, past, present, and future;

F.  Mr. Williams's emotional pain and suffering, past, present, and future;

G.  Mr. Williams's loss of enjoyment of life;

H.  Mr. Williams's loss of income;

I.  Pursuant to 42 U.S.C. §1988 and other applicable laws, Plaintiff should be awarded costs, reasonable attorney's fees for the preparation and trial of this cause of action;

J.   Judicial interest; and,

K.   Any and all other damages which may or will be proven at the trial of this matter.

## JURY

### XLV.

Plaintiff reserves the right for a trial by jury and pray for all general and equitable relief.

## RESERVATION OF RIGHTS

### XLVI.

Plaintiff reserves the right to substitute his claims against Defendants for any minor, unidentified heirs of Joharri Walker, upon their identity becoming known to him and/or any other party to this Complaint.

## PRAYER FOR RELIEF

**WHEREFORE,** premises considered, Plaintiff prays that a copy of this Complaint be served upon the Defendants in the manner prescribed by law and that, after due proceedings are had and after all legal delays, there be judgment in favor of Plaintiff and against Defendants jointly, severally, and *in solido* in favor of Plaintiff for such damages as are reasonable in the premises, together with legal interest thereon, from date of judicial demand until paid, for reasonable attorney's fees, for all costs of these proceedings and for all other further relief to which Plaintiff may be entitled.

**[SIGNATURE BLOCK APPEARS ON NEXT PAGE]**

15

RESPECTFULLY SUBMITTED:

*WRIGHT GRAY HARRIS , LLC*

_____

**DARYL A. GRAY, LA Bar No. 34225**
**ERIC A. WRIGHT, LA Bar No. 26149**
**JAMES "JIMMY" HARRIS, LA Bar No. 30995**
201 St. Charles Avenue Suite 2710
New Orleans, LA 70170
Telephone: (504) 500-0000
Facsimile: (504) 324-0445
Daryl@wrightgray.com
Eric@wrightgray.com
Jimmy@wrightgray.com

*ATTORNEYS FOR PLAINTIFF*