UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**JOHNELL WILLIAMS**                                             **CIVIL ACTION**

**VERSUS**                                                                   **NO. 24-486-RLB**

**LOUISIANA DEPARTMENT OF PUBLIC**                   **CONSENT**
**SAFETY AND CORRECTIONS, ET AL.**

## ORDER

Before the Court is a Rule 12(B)(5) Motion to Dismiss filed by the Louisiana Department of Public Safety and Corrections (the "DPSC"), James LeBlanc ("LeBlanc"), in his individual and official capacity as secretary of the DPSC, and Timothy Hooper ("Hooper"), in his individual and official capacity as warden of Louisiana State Penitentiary ("LSP") (collectively, "Defendants"). (R. Doc. 17).

### I.     Background

On June 13, 2024, Johnell Walker, individually and on behalf of the Estate of Joharri Walker ("Joharri"), ("Plaintiff") filed a complaint in this Court against the DPSC, LeBlanc, Hooper, the State of Louisiana, Correctional Officer John Doe, Inmate John Doe, ORM, and ABC Insurance Company. (R. Doc. 1). Plaintiff alleges that on or about June 14, 2023, while in the custody of the DPSC and LSP, Joharri was involved in an altercation with Inmate John Doe. As a result of this altercation, Joharri lost consciousness and eventually died. Plaintiff alleges all the defendants in this case are at fault for this incident.

Service was attempted upon DPSC through the Louisiana Attorney General, Liz Murrill on October 28, 2024. (R. Doc. 12). Service was attempted upon Hooper and LeBlanc, in both their individual and official capacities through Jennifer Hebert, a woman who appears to have been a case manager at the Louisiana Attorney General's office. (R. Docs. 13; 14). Defendants

1

argue in their motion to dismiss that they were never properly served so that they may be dismissed. (R. Doc. 17-1). As Plaintiff failed to respond to the motion to dismiss, this Court held a telephone conference, on March 27, 2025, to inquire into what had occurred, and extended the period of service to April 17, 2025. (R. Doc. 24). Plaintiff was ordered "file an opposition . . . or address any deficient service by that date." *Id.* Plaintiff filed no response and no proof of service, but summons were submitted on April 17, 2025 and issued on April 18, 2025. (R. Docs. 27; 28).

## II.     Law and Analysis

"A motion to dismiss pursuant to 12(b)(5) turns on the legal sufficiency of the service of process." *Holly v. Metro Transit Auth.*, 213 F. App'x 343, 344 (5th Cir. 2007) (unpublished). If a plaintiff fails to effectuate service, the defendant may seek to dismiss the plaintiff's complaint. *See* Fed. R. Civ. P. 12(b)(5). The plaintiff then has the burden of proving the validity of service. *See Carimi v. Royal Carribean Cruise Line, Inc.,* 959 F.2d 1344, 1346 (5th Cir.1992).

Fed. R. Civ. P. 4 governs service of process, and it states that service may be effectuated "by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4. As DPSC is a state agency, LeBlanc and Hooper are state employees, and Plaintiff is suing regarding his son's death, La. R.S. 39:1538 applies. La. R.S. 39:1538 states the following:

> (1) Claims against the state or any of its agencies to recover damages in tort for money damages against the state or its agencies for injury or loss of property, personal injury, or death caused by the negligent or wrongful act or omission of any employee of the agency while acting within the scope of his office or employment under circumstances in which the state or such agency, if a private person, would be liable to the claimant in accordance with the general laws of this state, may be prosecuted in accordance with the provisions specified in this Chapter.
> . . .
> (4) In actions brought pursuant to this Section, process shall be served upon the head of the department concerned, the office of risk management, and the attorney general, as well as any others required by R.S. 13:5107.

La. R.S. 39:1538. Plaintiff has failed to serve DPSC, LeBlanc, or Hooper through the methods provided above. According to the Louisiana Supreme Court, those attempting to serve state agencies or employees in a case like the instant one must "at a minimum, . . . serve 'the head of the department concerns, the office of risk management, and the attorney general.'" *Whitley v. State ex rel. Bd. of Sup'rs of Louisiana State Univ. Agr. Mech. Coll.,* 2011-0040 (La. 7/1/11), 66 So. 3d 470, 480 (citing La. R.S. 39:1538(4)).

Service in this case was first attempted upon DPSC through the Louisiana Attorney General, Liz Murrill on October 28, 2024. (R. Doc. 12). Service was first attempted upon Hooper and LeBlanc, in both their individual and official capacities through Jennifer Hebert, a woman who appears to have been a case manager at the Louisiana Attorney General's office. (R. Docs. 13; 14). None of these service attempts meet the requirements of La. R.S. 39:1538. Further, service upon individuals such as Hooper and LeBlanc must be made as follows:

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Plaintiff's original attempt at service upon Hooper and LeBlanc does not comply with the above service options.

In the telephone conference on March 27, 2025, the Court gave Plaintiff an additional 21 days to serve the Defendants. Although there is nothing to indicate that the defendants were served within that time period, Plaintiff has demonstrated an intent to do so by obtaining the

3

necessary summons. (R. Docs. 27; 28). At this time, the Court will deny Defendants' motion to dismiss without prejudice to refiling should service not be completed within the timeframe set forth below. Plaintiff must serve and file proof of service on or before May 8, 2025 (21 days after the already extended deadline of April 17, 2025).

Pursuant to Fed. R. Civ. P. 4(m),[1] Plaintiff is hereby on notice that a failure to comply with this order may result in dismissal of this matter for failure to serve.

### III.   Conclusion

Based on the foregoing,

**IT IS ORDERED** that Defendants' Rule 12(B)(5) Motion to Dismiss (R. Doc. 17) is **DENIED** without prejudice to refiling.

**IT IS FURTHER ORDERED** that Plaintiff **shall serve any remaining defendants and file proof of service** into the record **on or before May 8, 2025**. If no such filing is made, Plaintiff's case may be dismissed *sua sponte* or following the filing of another motion to dismiss by Defendants.

Signed in Baton Rouge, Louisiana, on April 23, 2025.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.".