UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHNELL WILLIAMS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-486-RLB** |
| **LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, ET AL.** | **CONSENT** |

## ORDER

Before the Court is a Rule 12(b)(1) Motion to Dismiss filed by the Louisiana Department of Public Safety and Corrections (the "DPSC"), James LeBlanc ("LeBlanc"), in his in official capacity as secretary of the DPSC, Timothy Hooper ("Hooper"), in his official capacity as warden of Louisiana State Penitentiary ("LSP"), and Correctional Officer John Doe in his official capacity only. (R. Doc. 41).

Also before the Court is a Rule 12(b)(5) Motion to Dismiss filed by LeBlanc, in his individual capacity, and Hooper, in his individual capacity. (R. Doc. 40).

Plaintiff has failed to timely oppose the foregoing motions. *See* LR 7(f). Accordingly, the motions are unopposed.

**I.     Background**

On June 13, 2024, Johnell Walker, individually and on behalf of the Estate of Joharri Walker ("Joharri"), ("Plaintiff") filed a complaint in this Court against the DPSC, LeBlanc, Hooper, the State of Louisiana, Correctional Officer John Doe, Inmate John Doe, Louisiana Office of Risk Management ("ORM"), and ABC Insurance Company. (R. Doc. 1). Plaintiff alleges that on or about June 14, 2023, while in the custody of the DPSC and LSP, Joharri was involved in an altercation with Inmate John Doe. As a result of this altercation, Joharri lost consciousness and eventually died. Plaintiff alleges all of the defendants in this case are at fault

for this incident. Plaintiff seeks recovery for violations of the Fourth, Eight, and Fourteenth Amendments to the United States Constitution, and seeks an award of monetary damages pursuant to 42 U.S.C. § 1983. (R. Doc. 1 at 1-2). Plaintiff asserts that Court can exercise federal question jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiff's state-law claims based on negligence pursuant to 28 U.S.C. § 1367(a). (R. Doc. 1 at 2)

In October of 2024, Plaintiff attempted to serve the DPSC through the Louisiana Attorney General, Liz Murrill (R. Doc. 12), and LeBlanc and Hooper, in both their individual and official capacities, through Jennifer Hebert, who appears to be a case manager at the Louisiana Attorney General's office. (R. Docs. 13, 14).

On December 4, 2024, the DPSC, LeBlanc, and Hooper filed a Rule 12(b)(5) Motion to Dismiss, arguing that they were never properly served with process. (R. Doc. 17). Plaintiff failed to file an opposition.

On March 27, 2025, the Court held a telephone conference to inquire into what had occurred, extended the period of service to April 17, 2025, and ordered Plaintiff "to file an opposition . . . or address any deficient service by that date." (R. Doc. 24). The same day, the Court dismissed all claims against the ORM with prejudice. (R. Doc. 25).

Plaintiff again failed to file an opposition, and further failed to file any proof of service. Nevertheless, Plaintiff submitted summonses on April 17, 2025, which were issued by the Clerk's Office on April 18, 2025. (R. Docs. 27, 28).

Given the issuance of these summonses, the Court denied the foregoing Rule 12(b)(5) motion without prejudice to refile, and extended Plaintiff's deadline to serve any remaining defendants and file proof of service into the record by May 8, 2025. (R. Doc. 29).

On May 8, 2025, Plaintiff served (or attempted to serve) the defendants as follows: (1) the DPSC through Jennifer Hubert as an authorized employee with Attorney General Murrill's office (R. Doc. 30); the ORM through Cindy Amount as an authorized employee with the ORM (R. Doc. 31);[1] LeBlanc through Rhonda Weldon as an authorized employee with the DPCS (R. Doc. 32); and Hooper through Rhonda Weldon as an authorized employee with the DPSC (R. Doc. 33).

On May 29, 2025, the defendants filed the instant Rule 12(b)(5) and Rule 12(b)(1) motions. (R. Docs. 40, 41). As with the previous Rule 12(b)(5) motion, Plaintiff failed to timely file any written opposition to the instant motions. *See* LR 7(f). Accordingly, these motions are unopposed.

LeBlanc and Hooper's Rule 12(b)(5) Motion to Dismiss seeks dismissal of the action against them in their individual capacities. (R. Doc 40). While these defendants question whether service was properly made against Hooper in his official capacity (given that service was not made at LSP), the Rule 12(b)(5) motion only seeks dismissal with respect to inadequate service of process on LeBlanc and Hooper in their individual capacities. LeBlanc and Hooper argue that the attempted service on them, in their individual capacities, is invalid because service was not "requested or made personally, domiciliary, or to an authorized agent to accept individual personal service on Defendants LeBlanc and Hooper." (R. Doc. 40-1 at 4). Plaintiff raised no argument in opposition.

The State of Louisiana, the DPSC, LeBlanc in his official capacity only, Hooper in his official capacity only, and Correctional Officer John Doe in his official capacity only ("State Defendants") all seek dismissal pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction

---

[1] Plaintiff attempted service on the ORM despite its previous dismissal from this lawsuit.

3

on the basis of sovereign immunity under the Eleventh Amendment. (R. Doc. 41).[2] Plaintiff raised no argument in opposition.

## II.     Law and Analysis

### A.     The Rule 12(b)(5) Motion (R. Doc. 40)

"A motion to dismiss pursuant to 12(b)(5) turns on the legal sufficiency of the service of process." *Holly v. Metro Transit Auth.*, 213 F. App'x 343, 344 (5th Cir. 2007). If a plaintiff fails to effectuate service, the defendant may seek to dismiss the plaintiff's complaint. *See* Fed. R. Civ. P. 12(b)(5). The plaintiff then has the burden of proving the validity of service. *See Carimi v. Royal Carribean Cruise Line, Inc.,* 959 F.2d 1344, 1346 (5th Cir. 1992).

Rule 4 governs service of process, and it states that service may be effectuated "by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4. Service upon individuals such as LeBlanc and Hooper, when proceeding in their individual capacities, must be made as follows:

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and

---

[2] The memorandum in support of the Rule 12(b)(1) motion erroneously references a voluntary notice of dismissal of the DPSC, without prejudice, filed by Plaintiff on June 22, 2023 bearing the ECF No. 35. (*See* R. Doc. 41-1 at 3 n.4). No such filing, which would have pre-dated the commencement of this lawsuit, was made in this action. This footnote appears to have been added to the memorandum by error. Accordingly, the Court will determine whether Plaintiff's claims against the DPSC are subject to dismissal based on sovereign immunity under the Eleventh Amendment as asserted in the body of the memorandum.

4

> discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Here, it appears that Plaintiff attempted service on LeBlanc and Hooper in both their individual and official capacities at one time. On May 8, 2025, Plaintiff served Leblanc and Hooper through Rhonda Weldon as an authorized employee with the DPCS. (R. Docs. 32, 33). While the instant motion does not dispute that service was proper on LeBlanc and Hooper in their official capacities, it nevertheless argues that separate service on LeBlanc and Hooper in their individual capacities was required pursuant to Rule 4(e). The Court agrees. "[W]here a defendant is sued in both his individual and official capacities, . . . the defendant is entitled to receive service of process in both capacities. Service in one capacity does not confer jurisdiction over the other capacity, even though the defendant is fully aware of the suit." *Green v. City of Monroe*, No. 22-00884, 2023 WL 4195049, at *5 (W.D. La. June 9, 2023) (quoting *Cheeks v. Belmar*, 331 F.R.D. 499, 504 (E.D. Mo. 2019)), *report and recommendation adopted*, 2023 WL 4190549 (W.D. La. June 26, 2023).

The record indicates that service was made on "Rhonda Weldon, Authorized Employee Louisiana Department of Corrections," at 504 Mayflower Street, Baton Rouge, Louisiana, 70802, the address for the offices of the DPSC. (R. Doc. 32 at 19; R. Doc. 33 at 19). The summons issued and served are directed to (1) "Louisiana Department of Corrections through Head of Department of Corrections James LeBlanc" and "Louisiana State Penitentiary through Warden Timothy Hooper, or other designated representative." (R. Doc. 32 at 1; R. Doc. 33 at 1). This does not constitute personal service on LeBlanc or Hooper in their individual capacities. Even if the summons were directed to them individually (as with the prior attempts), Plaintiff has not submitted any evidence that the DPSC offices are the dwelling or usual place of abode for

5

LeBlanc or Hooper. Finally, Plaintiff has also not provided any evidence that Rhonda Weldon is an agent authorized by appointment of law to receive service of process on behalf of LeBlanc or Hooper in their individual capacities.³ *See Deloune v. Mahaffey*, No. 24-00634, 2025 WL 2083196, at *7 (M.D. La. July 24, 2025) (service on Rhonda Weldon at the DPSC did not constitute proper service on DPSC employee, in his individual capacity, where plaintiff did not establish "that service was made upon a person authorized to accept service on his behalf, in his individual capacity, either by agreement or operation of law.")

In short, Plaintiff has not established that he properly served LeBlanc or Hooper, in their individual capacities, through personal service, domiciliary service, or service on an agent in accordance with Rule 4(e)(2). Plaintiff has also not established that service was proper under Louisiana law allowed under Rule 4(e)(1). "Louisiana Code of Civil Procedure articles 1231 through 1235 govern state law procedure for serving individuals and call for personal or domiciliary service." *Black v. La. Dep't of Corr.*, No. 16-799, 2017 WL 11710636, at *2 (M.D. La. Nov. 17, 2017). "A defendant is personally served 'when a proper officer tenders the citation or other process to the person to be served.'" *Id.* (quoting Code. Civ. P. art. 1232). "Domiciliary service is completed 'when a proper officer leaves the citation or other process at the dwelling house or usual place of abode of the person to be served or with a person of suitable age and discretion residing in the domiciliary establishment.'" *Id.* (quoting Code. Civ. P. art. 1234). "Service is made on a person who is represented by another by appointment of court, operation of law, or mandate, through personal or domiciliary service on such representative." La. Code. Civ. P. art. 1235(A). Plaintiff has not demonstrated that service on May 8, 2025 was perfected

---

³ This court handles a significant volume of cases involving DOC personnel. The undersigned is aware that <u>proper</u> service of a summons and complaint by the U.S. Marshal's Service, on Ms. Weldon for DOC employees in their individual capacity is rarely, if ever, challenged. If this is a change of policy by the Department of Corrections, Ms. Weldon should inform anyone making future attempts at individual service.

with respect to LeBlanc or Hooper, in their individual capacities, in accordance with Louisiana law.

In sum, Plaintiff failed to oppose the instant Rule 12(b)(5) motion and has not met his burden of establishing proper service of process. Given that the Court has already provided Plaintiff with the opportunity to properly serve these defendants, and Plaintiff failed to file any opposition or explanation for the failure to serve LeBlanc and Hooper, in their individual capacities, the Court will dismiss Plaintiff's claims against these defendants in their individual capacities without further extension of the deadline to serve these defendants pursuant to Rule 4(m).

These defendants have not, however, established that dismissal with prejudice is warranted under the circumstances. *See Baptiste v. Certain Underwriters at Lloyd's, London*, No. 23-4723, 2024 WL 3291735, at *2 (E.D. La. July 3, 2024) ("A district court's 'dismissal with prejudice is warranted only where a clear record of delay or contumacious conduct by the plaintiff' exists and a lesser sanction would not better serve the interests of justice.'") (quoting *Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325-26 (5th Cir. 2008)). Accordingly, the Court will dismiss the claims against LeBlanc and Hooper, in their individual capacities, without prejudice.

      B.      The Rule 12(b)(1) Motion (R. Doc. 41)

A Rule 12(b)(1) motion seeks dismissal of a complaint for lack of subject matter jurisdiction when a court lacks the statutory or constitutional power to hear the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). The burden of proof on a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984). A motion to dismiss under Rule

7

12(b)(1) is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6). *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

"The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. 11. "Under the Eleventh Amendment, '[a]bsent waiver, neither a State nor agencies acting under its control may 'be subject to suit in federal court.'" *Cox v. Texas*, 354 Fed. App'x 901, 902 (5th Cir. 2009) (quoting *P.R. Aqueduct & Sewer Auth. V. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993)). "Eleventh Amendment immunity extends not only to States, but also to state agencies and individuals sued in their official capacities." *Simpson v. Texas Dep't of Criminal Justice*, 975 F. Supp. 921, 923 n.1 (W.D. Tex. 1997) (citing *United Carolina Bank v. Bd. of Regents of Stephen F. Austin State Univ.*, 665 F.2d 553, 561 (5th Cir. 1982) (state agencies); *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) (individuals sued in their official capacities)); *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991) (suit against a state official in his official capacity for monetary damages is treated as a suit against the State subject to sovereign immunity under the Eleventh Amendment); *Beyard v. Caddo Parish Com'n*, No. 06-2296, 2007 WL 1741970, at * 2 (W.D. La. April 27, 2007) ("[T]he Fifth Circuit has squarely held that the Louisiana Department of Public Safety and Corrections is an arm of the State that is entitled to Eleventh Amendment immunity." (citing *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999))

"[U]nless the state has waived sovereign immunity or Congress has expressly abrogated it, the Eleventh Amendment bars the suit." *City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019) (citing *AT&T Commc'ns v. Bellsouth Telecomms. Inc.*, 238 F.3d 636, 644-45 (5th Cir. 2001)). Plaintiff has raised no specific allegation or argument that the State Defendants waived sovereign immunity or that Congress has abrogated such immunity.[4] "A waiver of sovereign immunity is strictly construed and thus must be unequivocally expressed by Congress . . . Plaintiffs must show such consent, as plaintiffs assert federal jurisdiction is proper." *Kmart Corp. v. Kroger Co.*, No. 11-103, 2012 WL 2126953, at *4 (N.D. Miss. June 11, 2012) (citing *Lundeen v. Mineta*, 291 F.3d 300, 304 (5th Cir. 2002)). Indeed, the U.S. Supreme Court has confirmed that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983," and, therefore, Section 1983 does not abrogate Eleventh Amendment immunity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Washington v. Louisiana*, 425 F. App'x 330, 333 (5th Cir. 2011) (DPSC is not a person within the meaning of Section 1983).

There being no opposition, the Court will dismiss Plaintiff's claims brought against the State Defendants without prejudice for lack of subject matter jurisdiction. *Anderson v. Jackson State Univ.*, 675 F. App'x 461, 464 (5th Cir. 2017) ("The dismissal was based on the grounds that [the defendant] was entitled to Eleventh Amendment immunity, and so should have been *without* prejudice."); *De Sanchez v. Banco Cent. de Nicaragua*, 770 F.2d 1385, 1389 (5th Cir. 1985) ("If sovereign immunity exists, then the court lacks . . . subject matter jurisdiction to hear the case and must enter an order of dismissal."); *Raj v. Louisiana State Univ.*, 714 F.3d 322, 329 (5th Cir. 2013) (sovereign immunity bars federal courts from hearing state law claims brought in federal

---

[4] At most, Plaintiff alleges in the Petition that this action is brought against the State of Louisiana to the extent it has waived its sovereign immunity. (*See* R. Doc. 1 at 3). Plaintiff has not alleged any specific basis supporting a waiver of sovereign immunity. Furthermore, Plaintiff has not demonstrated that any such sovereign immunity has been waived in response to the instant motion.

court against state entities) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 117 (1984)).

### C.  The Remaining John Doe Defendants

Given the foregoing dismissals, the remaining defendants in this action are unidentified or fictional defendants who have not made an appearance: Correctional Officer John Doe, in his individual capacity, Inmate John Doe,[5] and ABC Insurance Company.

Rule 4(m) of the Federal Rules of Civil Procedure provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Rule further provides that the Court "must extend the time for service for an appropriate period" if the plaintiff is able to show good cause for his failure. *Id*. Accordingly, the Court will require Plaintiff to show cause why Plaintiff's claims against the remaining defendants should not be dismissed for failure to serve pursuant to Rule 4(m).

### III.  Conclusion

Based on the foregoing,

**IT IS ORDERED** that LeBlanc and Hooper's Rule 12(b)(5) Motion to Dismiss (R. Doc. 40) is **GRANTED.** Plaintiff's claims against James LeBlanc, in his individual capacity, and

---

[5] The Court notes Plaintiff can only bring State law claims against Inmate John Doe given that an inmate is not a state actor or person acting under color of State law for purposes of stating a claim under Section 1983. *See Batiste v. Gusman*, No. 13-96, 2013 WL 6095833, at *3 (E.D. La. Nov. 20, 2013) ("It is well settled that an inmate involved in a prison fight is not a person acting under color of state law as required for liability under § 1983.").

Timothy Hooper, in his individual capacity, are hereby **DISMISSED WITHOUT PREJUDICE** for improper service of process.

**IT IS FURTHER ORDERED** that the State Defendants' Rule 12(b)(1) Motion to Dismiss (R. Doc. 41) is **GRANTED**. Plaintiff's claims against the State of Louisiana, the Louisiana Department of Public Safety and Corrections, James LeBlanc, in his official capacity as secretary of the DPSC, Timothy Hooper, in his official capacity as warden of Louisiana State Penitentiary, and Correctional Officer John Doe in his official capacity only, are hereby **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction in light of sovereign immunity under the Eleventh Amendment.

**IT IS FURTHER ORDERED** that Plaintiff shall show cause, in writing, within **7 days** of the date of this Order, why all remaining claims against Correctional Officer John Doe, in his individual capacity, Inmate John Doe, and ABC Insurance Company should not be dismissed for failure to serve pursuant to Rule 4(m). Failure to show cause will result in summary dismissal of the remaining claims without prejudice.

Signed in Baton Rouge, Louisiana, on October 24, 2025.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**