UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHNELL WILLIAMS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-486-RLB** |
| **LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, ET AL.** | **CONSENT** |

## ORDER

This Order is issued *sua sponte*.

On June 13, 2024, Johnell Walker, individually and on behalf of the Estate of Joharri Walker ("Joharri"), ("Plaintiff") filed a complaint in this Court against the Louisiana Department of Public Safety and Corrections (the "DPSC"), James LeBlanc ("LeBlanc"), in his individual capacity and official capacity as secretary of the DPSC, Timothy Hooper ("Hooper"), in his individual capacity and official capacity as warden of Louisiana State Penitentiary ("LSP"), the State of Louisiana, Correctional Officer John Doe, in his individual and official capacity, Inmate John Doe, the Louisiana Office of Risk Management ("ORM"), and ABC Insurance Company. (R. Doc. 1).

Plaintiff alleges that on or about June 14, 2023, while in the custody of the DPSC and LSP, Joharri was involved in an altercation with Inmate John Doe. As a result of this altercation, Joharri lost consciousness and eventually died. Plaintiff alleges all of the defendants in this case are at fault for this incident. Plaintiff seeks recovery for violations of the Fourth, Eight, and Fourteenth Amendments to the United States Constitution, and seeks an award of monetary damages pursuant to 42 U.S.C. § 1983. (R. Doc. 1 at 1-2). Plaintiff asserts that Court can exercise federal question jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiff's state-law claims based on negligence pursuant to 28 U.S.C. § 1367(a). (R. Doc. 1 at 2).

On March 27, 2025, the Court dismissed, with prejudice, all claims against the ORM for lack of capacity to be sued (R. Doc. 25).

On October 24, 2025, the Court (1) dismissed, without prejudice, all claims against LeBlanc, in his individual capacity, and Hooper, in his individual capacity, for improper service of process; (2) dismissed, with prejudice, all claims against the State of Louisiana, the DPSC, LeBlanc, in his official capacity as secretary of the DPSC, Hooper, in his official capacity as warden of LSP, and Correctional Officer John Doe in his official capacity only, for lack of subject matter jurisdiction in light of sovereign immunity under the Eleventh Amendment; and (3) required Plaintiff to show cause in writing, within **7 days** of the date of the Order, why all remaining claims against Correctional Officer John Doe, in his individual capacity, Inmate John Doe, and ABC Insurance Company should not be dismissed for failure to serve pursuant to Rule 4(m). (R. Doc. 44). The Court specifically warned Plaintiff that failure to show cause would result in summary dismissal of the remaining claims without prejudice. (R. Doc. 44 at 11).

Throughout this litigation, Plaintiff, although represented by counsel, has failed to file any responses to the Defendants' motions to dismiss. (*See generally* R. Doc. 44). The Court provided Plaintiff a final opportunity to address why the remaining defendants in this action – the unidentified or fictional defendants Correctional Officer John Doe, in his individual capacity, Inmate John Doe,[1] and ABC Insurance Company – should not be dismissed for failure to serve pursuant to Rule 4(m). (*See* R. Doc. 44 at 11). As with the various dispositive motions filed in this action, Plaintiff failed to file any appropriate written response to the Court's show cause order by the deadline to do so.

---

[1] The Court notes Plaintiff can only bring State law claims against Inmate John Doe given that an inmate is not a state actor or person acting under color of State law for purposes of stating a claim under Section 1983. *See Batiste v. Gusman*, No. 13-96, 2013 WL 6095833, at *3 (E.D. La. Nov. 20, 2013) ("It is well settled that an inmate involved in a prison fight is not a person acting under color of state law as required for liability under § 1983.").

Rule 4(m) of the Federal Rules of Civil Procedure provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Rule further provides that the Court "must extend the time for service for an appropriate period" if the plaintiff is able to show good cause for his failure. *Id*. Despite being provided an opportunity to do so, Plaintiff has failed to demonstrate any basis, much less good cause, in support of a finding that his claims against the remaining defendants should not dismissed for failure to serve pursuant to Rule 4(m).

Given the record, the remaining claims in this action are subject to dismissal for failure to serve the remaining defendants within 90 days after filing of the complaint, as required by Rule 4(m). The Court has provided Plaintiff the requisite notice that his action will be dismissed for failure to serve as required by the Court's local rules. *See* Local Rule 41(b)(2) ("Prior to issuance of a dismissal, notice shall be sent to the plaintiff, and plaintiff shall be allowed fourteen calendar days from mailing of the notice within which to file evidence of good cause for plaintiff's failure to act. If no response is received within the allotted time, the Court may dismiss the civil action.").

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's remaining claims against Correctional Officer John Doe, in his individual capacity, Inmate John Doe, and ABC Insurance Company are **DISMISSED WITHOUT PREJUDICE** for failure to serve.

Signed in Baton Rouge, Louisiana, on November 13, 2025.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**